UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAREN BROWN, EVELYN CREEKS** and **ROBERT RICHARDS** | § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY** | § § § § | |
| Defendant. | § | (Jury Trial Demanded) |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Karen Brown ("Brown"), Evelyn Creeks ("Creeks") and Robert Richards ("Richards") (collectively "Plaintiffs"), complaining of and about Metropolitan Transit Authority of Harris County ("METRO" or "Defendant"), and in support shows as follows:

## I. INTRODUCTION

1. This is an action against METRO for employment discrimination and retaliation against Plaintiffs in violation of Title VII of the 1964 Civil Rights Act and 42 U.S.C. 1981.

## II. PARTIES

2. Plaintiff, Karen Brown, is a United States Citizen that resides in Harris County, Texas. At all relevant times, Brown was and employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964.

3. Plaintiff, Evelyn Creeks, is a United States Citizen that resides in Harris County, Texas. At all relevant times Creeks was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964.

4. Plaintiff, Robert Richards, is a United States Citizen that resides in Waller County, Texas. At all relevant times, Richards was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964.

5. Defendant, Metropolitan Transit Authority of Harris County is a local transit authority created pursuant to Texas law. METRO may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through its President and Chief Executive Officer, Thomas C. Lambert, at 1900 Main Street, Houston, Texas 77002, or wherever else he may be found.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law.

7. This Court has personal jurisdiction over the Defendant because it is an entity formed under Texas law and because it continuously and systemically does business within the state of Texas. Moreover, METRO employed (and still employs) Plaintiffs within the state of Texas.

8. The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendant operated within this judicial district at all relevant times to the events giving rise to this suit.

### IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiffs each timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). In those Charges, Plaintiffs asserted that Defendant retaliated and/or discriminated against them.

10. Plaintiffs each have received a Notice of Right to Sue from the EEOC and timely file this Original Complaint.

### V.     FACTS

11. Brown began working for METRO as a bus driver on May 26, 1996. Brown has been a Transit Bus Repair Mechanic A since 2007.

12. Creeks began working for METRO as a bus driver in May 1995. Creeks has been a Transit Technician (formerly referred to as Journey Mechanic) since 2004.

13. Richards began working for METRO as a Cleaner in 1984. He has held various positions since then and is currently the Superintendent of Maintenance.

14. Brown and Creeks filed a lawsuit alleging employment discrimination against METRO in 2018.

15. After two long years of litigation, the case settled just before trial in March 2020.

16. During the pendency of that lawsuit and after the parties settled, Brown and Creeks continued to apply other positions at METRO.

17. Despite their qualifications, neither has been awarded any of the positions for which they applied. Often they were not even afforded an interview.

18. Richards was aware of Brown and Creeks lawsuit and was listed as a witness for trial in that case.

19. In 2021, Richards tried to award a foreman position to Brown because she was the

most qualified and scored the highest in the panel interviews.

20. Charles Berkshire refused to give the foreman job to Brown.

21. Richards spoke out against the discrimination and retaliation against Brown and Creeks.

22. During his career with METRO, Richards worked his way up to Superintendent of Maintenance.

23. Richards applied for the Director of Maintenance Support position three times and each time was passed over for a less qualified white/Caucasian applicant.

24. After Richards opposed the discriminatory treatment of Brown and filed his own charge of discrimination with the EEOC, he was again passed over for a better position, VP of Fleet Services.

25. However, this time METRO did not give the position to a white Caucasian. In an attempt to fight Richards' allegations of race/color discrimination, METRO gave the job to a black applicant that had not engaged in a protected activity.

### VI.   CAUSE OF ACTION No. 1: RICHARDS V METRO RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C 1981

26. Plaintiffs incorporate all tallegations made above.

27. Discrimination against an individual based on race is prohibited pursuant to 42 U.S.C. §1981.

28. Richards is a black African American male and is covered under 42 U.S.C. §1981.

29. Richards was qualified for the Director of Maintenance Support position.

30. Each time Richards applied, the position was awarded to a less qualified white Caucasian applicant.

31. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices against Richards because of his race.

32. Defendant, by and through Defendant's agents, discriminated against Richards with respect to the benefits, privileges, terms, and conditions of his employment in violation of 42 U.S.C. § 1981. The effect of these practices has been to deprive Richards of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

33. Defendant, by and through Defendant's agents, discriminated against Richards on the basis of race with malice or with reckless indifference to his federally protected rights.

34. Defendant, by and through Defendant's agents, intentionally deprived Richards of an equal employment opportunity that was provided to other non-African American employees similarly situated in violation of 42 U.S.C. § 1981.

### VII.   CAUSE OF ACTION No. 2: RICHARDS V METRO DISCRIMINATION BASED ON RACE/COLOR UNDER TITLE VII

35. Plaintiffs incorporate all allegations made above.

36. Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on race and color. 42 U.S.C. § 2000e-2(a).

37. Defendant intentionally discriminated against Richards in violation of Title VII. Defendant intentionally engaged in unlawful employment practices involving Richards because of his race and/or color within the meaning of the statute.

38. Defendant, by and through Defendant's agents, discriminated against Richards in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Richards of equal employment opportunities and otherwise adversely affect his status as an employee

because of race and/or color.

39. Defendant, by and through Defendant's agents, discriminated against Richards on the basis of race and/or color with malice or with reckless indifference to the protected rights of Plaintiff.

40. Defendant, by and through its agents, intentionally deprived Richards of an equal employment opportunity that was provided to non-African American and non-Black employees similarly situated in violation of Title VII.

### VIII.  CAUSE OF ACTION NO. 3: BROWN, CREEKS AND RICHARDS RETALIATION UNDER TITLE VII

41. Plaintiffs incorporate all of the allegations made above.

42. Under 42 U.S.C. §2000e-3(a), it is an unlawful for an employer to discriminate or retaliate against an employee because that employee participated in a protected activity.

43. Brown and Creeks engaged in a protected activity by opposing discrimination by filing and prosecuting a federal lawsuit against METRO until March 2020.

44. Brown and Creeks engaged in a protected activity by filings charges with the EEOC against METRO in August 2022.

45. Richards engaged in a protected activity by speaking out and opposing the discrimination and retaliation against Brown and Creeks.

46. Richards engaged in a protected activity by filing a charge against Defendant with the EEOC.

47. Defendant retaliated against Plaintiffs by denying them better job positions for which were qualified.

### IX. RESPONDEAT SUPERIOR AND RATIFICATION

48. Whenever in this complaint it is alleged that the Defendant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

### X. DAMAGES

49. Plaintiffs seek monetary relief between $200,000 and $1,000,000.00.

50. As a direct and proximate result of Defendant's unlawful actions, Plaintiffs have sustained injuries and damages, which include, but are not limited to past and future lost wages and benefits; severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future; loss of employment capacity; and such other damages as will be more fully shown at trial and for which Plaintiffs specifically sues herein.

51. Plaintiffs would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiffs. In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiffs also seeks recovery of exemplary or punitive damages.

### XI. ATTORNEY'S FEE AND COSTS

52. Plaintiffs are entitled to and seek an award of attorney's fees and costs.

### XII. JURY DEMAND

53. Plaintiffs request a trial by jury on all issues that can be tried to a jury.

## XIII.  PRAYER

WHEREFORE, Plaintiffs prays that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiffs against Defendant for:

- a. actual and consequential damages, including, but not limited to lost wages (back pay and front pay and benefits);

- b. compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

- c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

- d. Reasonable attorney's fees, with conditional awards in the event of appeal;

- e. Pre-judgment interest at the highest rate permitted by law;

- f. Post-judgment interest at the highest rate permitted by law;

- g. Costs of court and expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action; and

- h. Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By: */s/Sara Richey*
Sara Richey
Federal Bar No: 1147425
Texas Bar No.: 24068763
11777 Katy Freeway, Suite 335
Houston, TX 77079
Tel. (713) 636-9931
sara@therricheylawfirm.com

ATTORNEY FOR PLAINTIFFS